Caisaguano-Quizhpi v. Bondi

BIA
Christensen, IJ
A201 281 707
A220 969 214/215/216

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JOSE HERMEL CAISAGUANO-QUIZHPI, ROSA ELENA TENE-ORTEGA, FABIAN MAURI CAISAGUANO-TENE, L.H.C.,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

**24-146**
**NAC**

*Respondent.*[1]

_____

**FOR PETITIONERS:**  Matthew Krein, Esq., MacMurray & Associates, New York, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Roberta O. Roberts, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED in part, and the case is REMANDED.

Petitioners Jose Hermel Caisaguano-Quizhpi, Rosa Elena Tene-Ortega, and their children, natives and citizens of Ecuador, seek review of a December 14, 2023 decision of the BIA affirming an August 23, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Hermel Caisaguano-Quizhpi, et al.*, Nos. A201 281 707, A220 969 214/215/216 (B.I.A. Dec. 14, 2023), *aff'g*, Nos. A201 281 707, A220

_____

[1] The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

969 214/215/216 (Immig. Ct. N.Y.C. Aug. 23, 2022).   We assume the parties'
familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by
the BIA, i.e., minus the claims of a pattern or practice of religious persecution and
for CAT relief that Petitioners did not raise on appeal to the BIA.   *See Xue Hong
Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Vera Punin v.
Garland*, 108 F.4th 114, 123–24 (2d Cir. 2024) (requiring exhaustion of issues before
the BIA).   "We review the agency's factual findings . . . for substantial evidence"
and "legal conclusions *de novo*."   *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d
Cir. 2008).   "[T]he administrative findings of fact are conclusive unless any
reasonable adjudicator would be compelled to conclude to the contrary . . . ."
8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to
demonstrate past persecution or a well-founded fear or likelihood of future
persecution "on account of race, religion, nationality, membership in a particular
social group, or political opinion."   *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)
(quotation marks omitted); *see also*  8 U.S.C.  §§ 1101(a)(42),  1158(b)(1)(B)(i),
1231(b)(3)(A).   If an applicant demonstrates past persecution, he or she benefits

3

from a regulatory presumption of future persecution, which the Government may rebut by showing, "by a preponderance of the evidence," a "fundamental change in circumstances" in the applicant's home country or the applicant's "reasonable" ability to relocate within the country to avoid persecution. 8 C.F.R. § 1208.13(b)(1)(i).

"To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Id.* at 114–15 (quotation marks omitted); *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020).[2]

---

[2] Petitioners argue that the IJ erred in relying on this standard because it originates from *Matter of A-B-*, 27 I. & N. Dec. 316, 337–38 (A.G. 2018), which has been vacated by *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). As we noted in *Scarlett*, the standard discussed in the first *Matter of A-B-* was neither new nor heightened and was "well grounded in circuit precedents." 957 F.3d at 333; *see also Singh*, 11 F.4th at 114–15 (upholding the "condoned" or "complete helplessness" standard after the vacatur of the first *Matter of A-B-*).

4

Petitioners ground their claim of past persecution on an incident in 2009 in which Jose was stabbed by a group of teenagers who pursued him and shouted anti-indigenous epithets. Petitioners admit that Jose did not report the attack to the authorities because, as he testified, "the Ecuadorian government does not do anything for indigenous people," a belief they argue "is corroborated by the indigenous discrimination he and his family experienced across multiple generations." Pet. Br. at 14 (emphasis omitted); *see* Cert. Admin. R. 132, 169.

The IJ determined, and the BIA agreed, that Petitioners failed to establish past persecution. At the outset, the agency credited Petitioners' arguments that the attack was sufficiently serious to rise to the level of persecution and that "one central reason" for the attack was Jose's indigenous ethnicity. Cert. Admin. R. 4. But both the IJ and the BIA determined that, because Jose failed to report the 2009 attack to the authorities, the incident categorically could not constitute past persecution. Petitioners argue that the agency erred by treating Jose's failure to report the attack as dispositive. We agree.

Where a claim of past persecution rests on a previous act of violence committed by private persons, evidence that the applicant did not report the attack to the authorities may weigh against a finding that the government was unwilling

5

or unable to prevent it. *See, e.g.*, *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021). However, "failure to report harm is not necessarily fatal to a claim of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." *Castellanos-Ventura v. Garland*, 118 F.4th 250, 254 (2d Cir. 2024) (quotation marks and alterations omitted). And though the agency found persuasive evidence that conditions in Ecuador have improved in the last several years, it failed to consider whether (1) the 2009 stabbing constituted past persecution and, (2) if it did, whether the Government's evidence of improvements in Ecuador met its burden to show, by a preponderance of the evidence, "a fundamental change in circumstances such that [Petitioners] no longer [have] a well-founded fear of persecution[.]" *Cf.* 8 C.F.R. § 1208.13(b)(1)(i). The agency's failure to apply those standards is legal error that requires remand. *See Castellanos-Ventura*, 118 F.4th at 254–55; *Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006); *Manzur v. U.S. Dep't Homeland Sec.*, 494 F.3d 281, 295–96 & n.6 (2d Cir. 2007). Likewise, because the agency denied Petitioners' claim for statutory withholding merely because it carries a higher burden than asylum, the agency should on remand reassess, if necessary, Petitioners' entitlement to withholding of removal. We thus vacate the

6

BIA's order with respect to the anti-indigenous-persecution asylum claim and the claim for statutory withholding of removal.

We conclude that Petitioners' remaining arguments are without merit. Petitioners do not challenge the agency's determination that the Ecuadorian government is willing and able to prevent violence against Evangelical Christians. Petitioners' failure to challenge that dispositive finding constitutes abandonment of the religious-persecution asylum claim. *See Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Petitioners also abandon any challenge to the agency's denial of CAT relief by making only a "single, conclusory, one-sentence argument" about it in the conclusion of their brief, which "is insufficient to preserve [the] issue for appellate review." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 n.4 (2d Cir. 2000).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED in part, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7